# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FEDERATED DEPT. STORES, INC., et al., | ) ) ) No. 04 C 0879 |
| Plaintiffs, | ) ) ) Judge George M. Marovich |
| v. | ) |
| M.J. CLARK, INC., et al., | ) Magistrate Judge Jeffrey Cole |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

Discovery in this case closed on 2/9/06, and expert discovery closed in the Spring of 2006. Thereafter, the plaintiffs and Clark moved for summary judgment. Clark's motion was based on a counterclaim alleging that Federated failed to obtain a policy of insurance that would have covered the particular loss that is the subject of the suit. Judge Marovich concluded that it was not clear as a matter of law that Federated's contractual obligation to purchase a defined kind of coverage would necessarily cover the kind of damage suffered by Federated.

There was a second aspect to Clark's motion. A clause in the original contract between Federated and Clark also provided in essence that the parties waived any rights they may have against the other on account of "*any* loss or damages occasioned to" the other or their respective property, premises or contents "arising from *any* liability, loss, damage or injury caused by fire or other peril for which property insurance *is carried* or required to be carried pursuant to" the agreement between Clark and Federated. (Emphasis supplied). Judge Marovich denied Clark's motion (and Federated's as well) on 2/1/07. The next day, Clark filed a motion to obtain the policies and related documents. Judge Marovich referred the motion to me.

My initial reaction to the motion, which contained virtually no history or explanation, was that under these circumstances, the motion came too late, and so I denied it on 2/13/07. Further reflection caused me to question that decision, and thus I requested that the parties return for further discussion. In discussions with counsel this morning, it was disclosed that policies of insurance carried by Federated covering Bloomingdale's in Chicago, (where the damage occurred), had never been requested, and apparently no appropriate interrogatories had been propounded regarding the policies. A Federated employee had, however, testified – no one could quite recall with specificity what the testimony was – that there was (or may have been) a policy of insurance of some sort that might or could have covered the claimed loss. It was apparently this testimony that Judge Marovich found sufficiently uncertain that Clark's motion for summary judgment had to be denied. No one could explain why a request for the policies themselves had never been made. But since none was, the policies themselves were not part of the summary judgment papers, an omission underscored by Judge Marovich's summary judgment opinion.[1]

"There are places in the law through which a pair of...doctrines run in...parallel contrariety, like a pair of pool hall scoring racks on one or the other of which, seemingly at random, cases get hung up." Anthony Amsterdam, *The Void For Vagueness Doctrine In The Supreme Court*, 109 U. Pa. L. Rev. 67, 67 (1960). To some extent, such are the cases involving belated requests for discovery. On the one hand there is the legitimate and imperative insistence on compliance with court ordered deadlines. *See, e.g., Finwall v. City of Chicago*, 2006 WL 1491316 (N.D.Ill.2006); *In re Sulfuric Acid Antitrust Litigation*, 230 F.R.D. 527, 533 (N.D.Ill.2006); *Kyles v. J.K. Guardian*

---

[1] Had the testimony been more certain, that omission may perhaps not have been decisive. *See* Rule 1007, Federal Rules of Evidence.

2

*Security Services*, 2006 WL 2349238 (N.D.Ill.2006); *In re Sulfuric Acid Antitrust Litigation*, 446 F.Supp.2d 910, 921 (N.D.Ill.2006). On the other, is the overarching concern that cases be decided on their merits. *See Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 316 (1988); *Holiday v. City of Chicago*, 2006 WL 2868910 at *3 (N.D.Ill.2006)(collecting cases); *Burkybile v. Mitsubishi Motors*, 2006 WL 3191541 at *5 n. 2 (N.D.Ill. 2006)(collecting cases). *Compare Hefferman v. Bass*, 467 F.3d 596, 599 (7th Cir. 2006).

In the instant case, it seems to me that an appropriate exercise of the very broad discretion a court has in connection with discovery matters, *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *Semien v. Life Insurance Co. of N.A.*, 436 F.3d 805, 813 (7th Cir. 2006), is to allow M.J. Clark to be provided with a policy or policies of insurance, if any exist, that arguably might cover the loss claimed by Federated in its suit against Clark. There is no trial date set in this case, and thus production will not interfere with the orderly administration of Judge Marovich's calendar. The only real harm to Federated are the costs involved in responding to the motion and in producing the documents, and those expenses are properly shifted to Clark.

Production will not entail any significant effort and will not lead to any reopening of discovery. Reasonable attorneys' fees, administrative costs, or other related expenses that have been or will be incurred in connection with Federated's response to Clark's motion, my *sua sponte* reconsideration of my earlier decision, and the production of the policies, if any, are to be borne by M.J. Clark.

Thus, Federated shall produce as promptly as circumstances allow, any policy of insurance for loss of any kind and from whatever source, covering the premises and the period alleged in Federated's complaint. Federated shall also produce all documents that refer, reflect or relate to any

3

claim made as a result of the occurrences alleged in Federated's complaint and any documents that refer, reflect or relate to any denial by any insurance carrier in connection with those occurrences, or any other action by such carrier in connection with those occurrences.

Under the governing agreement negotiated between the two sophisticated contracting parties involved in this motion, if there is such a policy of insurance, it would be unseemly, at the very least, for it not to be disclosed and for Clark not to have the benefit of the bargain to which Federated agreed in its contract with M.J. Clark. *Cf. Farrington v. Tennessee*, 95 U.S. 679, 682 (1877). Unlike the situation which often exists in situations involved belated discovery requests, production in this case may accelerate, rather than dilate, the proceedings. If there is a policy and if it is sufficiently certain that it can be decided that the loss was indeed covered by it, a trial may be unnecessary. As Judge Posner has observed:

> Especially when dealing with a substantial contract between "commercially sophisticated parties ⋯ who know how to say what they mean and have an incentive to draft their agreement carefully," there is great merit to the rule that the meaning of an unambiguous contract is a question of law rather than of fact, with the consequence "that unambiguous contractual language must be enforced as it is written." The rule enables contract disputes to be resolved quickly and cheaply, "protects the parties against the vagaries of the litigation process-a major reason for committing contracts to writing-without too great a risk of misinterpretation," and by thus minimizing both contractual transaction costs and uncertainty increases the value of contracts as means of conducting business

*ConFold Pacific, Inc. v. Polaris Industries, Inc,.* 433 F.3d 952, 955 (7th Cir. 2006). *Cf. In the matter of Kmart Corporation*, 434 F.3d 536, 541 (7th Cir. 2006)(Easterbrook, J.).

For these reasons, Clark's motion for leave to issue supplemental request for production of documents [135] is granted but only as provided in this order.

4

There shall be a further status on 3/15/07 at 9:30 a.m.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE: 2/15/07